JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:26-cv-01659-DOC-PVC Date: September 18, 2026

Kaitlyn Farrell v. Medieval Times U.S.A., Inc., et al.

---

PRESENT: THE HONORABLE DAVID O. CARTER, U.S. DISTRICT JUDGE

| Karlen Dubon | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANT: |
|---|---|
| None Present | None Present |

---

**PROCEEDINGS (IN CHAMBERS): ORDER REMANDING CASE TO STATE COURT**

Having considered the parties' supplemental briefing, the Court hereby REMANDS this case to the Orange County Superior Court.

## Background

### A. Facts

The following facts are drawn from Plaintiff Kaitlyn Farrell's ("Plaintiff") Complaint ("Compl."). This action concerns Plaintiff's former employment with Medieval Knights, LLC; Medieval Times U.S.A., Inc.; Medieval Times Entertainment, Inc; and Medieval Times California, Inc. ("Defendants"). Compl. ¶ 1. Plaintiff alleges she was subjected to gender discrimination and sexual harassment, including but not limited to: dismissal of her complaints regarding a colleague's unwanted advances, retaliation by the employee she reported, and becoming the target of a cyberbullying and doxxing campaign. *Id.* ¶ 2. Plaintiff contends that when she filed formal complaints to management and Human Resources, Defendants failed to investigate and instead furthered the abuse she experienced. *Id.* ¶ 3. Working conditions became unbearable for Plaintiff, resulting in her constructive termination in February 2024. *Id.* ¶ 4.

### B. Procedural History

Plaintiff originally filed suit in the Orange County Superior Court, on May 7, 2026. *See generally* Compl. On June 15, Defendant removed the action to this Court,

asserting diversity jurisdiction. Notice of Removal (Dkt. 1). Both parties filed supplemental briefing on September 10 (Dkts. 34 and 35) and September 11 (Dkts. 36 and 37).

## II. Legal Standard

"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). Removal of a case from state court to federal court is governed by 28 U.S.C. § 1441, which provides in relevant part that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed . . . to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441. This statute "is strictly construed *against* removal jurisdiction," and the party seeking removal "bears the burden of establishing federal jurisdiction." *Ethridge v. Harbor House Rest.*, 861 F.2d 1389, 1393 (9th Cir. 1988) (emphasis added) (citations omitted).

Federal diversity jurisdiction requires that the parties be citizens of different states and that the amount in controversy exceed $75,000. 28 U.S.C. § 1332(a). For diversity jurisdiction purposes, a corporation is "deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). The presence of any single plaintiff from the same state as any single defendant destroys "complete diversity" and strips the federal courts of original jurisdiction over the matter. *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 553 (2005).

Corporate entities may be treated as a single employer when they operate as a joint enterprise. *Laird v. Capital Cities/ABC Inc.*, 68 Cal. App. 4th 727, 737-38 (1998). Courts look at four factors: (1) interrelation of operations; (2) common management; (3) centralized control of labor relations; and (4) common ownership or financial control. *Id.* An entity may also be deemed an employer if it exercises control over the terms and conditions of the individual's employment. *Vernon v. State of California*, 116 Cal. App. 4th 114, 124-25 (2004).

If the court lacks subject matter jurisdiction, any action it takes is ultra vires and void. *See Gonzalez v. Crosby*, 545 U.S. 524, 534 (2005); *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94, 101–02 (1998). If subject matter jurisdiction is found to be lacking, the court must dismiss the action, *id.*, or remand pursuant to 28 U.S.C. § 1447(c). A Court may raise the question of subject matter jurisdiction *sua sponte*. *See Snell v. Cleveland, Inc.*, 316 F.3d 822, 826 (9th Cir. 2002).

## III. Discussion

### a. The Court grants Plaintiff's Request for Judicial Notice.

Federal Rule of Evidence 201 allows a court to take judicial notice of a fact that is "not subject to reasonable dispute." Fed. R. Evid. 201(b). A fact is "not subject to reasonable dispute" if it "(1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(1)-(2). A court may therefore take judicial notice of matters for public record, though this cannot include disputed facts contained in the public records. *See Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 999 (9th Cir. 2018).

Plaintiff requested that this Court take judicial notice of six public records in support of Plaintiff's Brief Regarding Subject Matter Jurisdiction. Plaintiff's Request for Judicial Notice ("Request") (Dkt. 35). Exhibits 1-4 are official corporate disclosure forms "mandated by the State of California" and filed by each of the four defendants with the state on August 26, 2026. *Id.* at 3. Exhibits 5 and 6 are certified property records "publicly recorded by the Orange County Clerk-Recorder." *Id.* Plaintiff requests judicial notice upon the basis that these exhibits "official public records whose authenticity and accuracy cannot be reasonably questioned." *Id.* The Court finds that these public records, held and maintained by official government entities, meet the requirements of Rule 201.

Defendants argue that Plaintiff's Request for Judicial Notice is improper because it extends to facts in dispute. *See generally* Defendant Medieval Times U.S.A., Inc.'s Objection to Plaintiff's Request for Judicial Notice. ("Objection") (Dkt. 37). However, Plaintiff's Request is limited to facts upon which both parties agree. Plaintiff's Request only asks that the Court acknowledge that these public records are each "a true and correct copy", a fact that Defendant does not contest. Request at 2. For example, Defendants themselves state that "Plaintiff can properly judicially notice that the MTCA Corporate Statement says 'DINNER SHOW ENTERTAINMENT'." Objection at 3. This is exactly what Plaintiff has done.

What Defendants disagree with are Plaintiff's *interpretations* of the statements in the exhibits, such as what Medieval Times California's ("MCTA") statement that their "Type of Business" is "DINNER SHOW ENTERTAINMENT" reflects about their role in the enterprise. As Defendants acknowledge, such a phrase "could be subject to multiple interpretations", and both parties have offered different arguments. Objection at 5. But Plaintiff's Request does not extend to her allegations.

### b. The Court lacks jurisdiction and remands the case.

The jurisdictional question before the Court today is whether MCTA's role is significant enough to be deemed an employer, rendering it a proper defendant and eliminating the Court's jurisdiction in this case.

Plaintiff has shown that all four defendants filed official corporate disclosure forms that note the same type of business, the same California address, and the same individuals in identical or similar executive positions directing the entities. Declaration of Charles Ludd, Jr. in Support of Plaintiff's Request for Judicial Notice, Exhibits 1-4. Defendants have acknowledged that MTCA owns the land upon which the "DINNER SHOW ENTERTAINMENT"- that all four defendants entered as their business type on official documents – is provided. Objection at 5 and 6. Additionally, Exhibit 5 documents the original land grant to MTCA and Exhibit 6 is a reconveyance that lists MTCA as the trustor for a deed of trust and states that "all sums secured by said Deed of Trust have been fully paid." Declaration of Charles Ludd, Jr. in Support of Plaintiff's Request for Judicial Notice, Exhibits 5-6. Plaintiff argues that the fact that both documents provide identical descriptions for the property they pertain to demonstrates a financial connection that exceeds Defendants' characterization of MTCA as "a non-operating entity" with no employees that merely held title to the land. Plaintiff's Brief Regarding Subject Matter Jurisdiction at 8. Plaintiff further argues that this financial transaction makes it likely that MTCA either "derived revenue from the business conducted at the Castle, or the enterprise's funds were administered through it." *Id.* at 8-9.

While Defendants have stated that MTCA "does not share in the operating profits or losses of any of the other Defendants" and has not had any employees in several years, the Court finds it difficult to believe that MTCA's connection to the enterprise is as tenuous as Defendants have described. Medieval Times's Brief re Diversity Jurisdiction at 16. Rather, Plaintiff's arguments concerning the significance of the exhibits described above supports an inference of "an interrelation of operations, common management, centralized control of labor relations, and common ownership or financial control." *See Laird* at 737-738. The Court finds sufficient intertwining amongst defendants to support Plaintiff's allegations that MTCA, along with other defendants, exercised control, directly and/or indirectly, over Plaintiff's employment and benefited from her labor. Complaint at ¶10. Thus, the Court holds that proceeding with this case would be improper due to its lack of jurisdiction.

## IV. Disposition

For the reasons set forth above, the Court hereby **REMANDS** this case to the Orange County Superior Court.

The Clerk shall serve this minute order on the parties.

Initials of Deputy Clerk: kdu